UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DWANE FOX,  )<br>  )<br>　　　Plaintiff,  )<br>  )<br>　　v.  )<br>  )<br>MIDLAND CREDIT MANAGEMENT,  )<br>INC.,  )<br>  )<br>　　　Defendant.  ) | CIVIL ACTION<br>NO. 4:24-cv-40060-MRG |

## ORDER

**GUZMAN, D.J.**

Plaintiff Dwane Fox, who is representing himself, has filed a civil complaint against Defendant Midland Credit Management, Inc. ("Midland") relating to a lien the Defendant placed against Mr. Fox's property. For the reasons set forth below, the Court **DISMISSES** the complaint for failure to state a claim. This dismissal is without prejudice.

**I.      Review of the Complaint**

Fox's complaint fails to state a claim upon which relief may be granted because it does not allege facts which, treated as true, show that the defendant is liable to him.

Fox originally filed his handwritten complaint on January 22, 2024 in Worcester Superior Court. [See Compl., ECF No. 1]. In his two-page statement of his claim, Fox asserts he received "a letter" about "going to court from the defendant." [Compl. at 4-5]. Fox attached a Statement of Small Claim dated February 3, 2021 from the Small Claims Court of Massachusetts, Leominster Division, that appears to be notice of an action brought by Midland to recover $1640.28 plus $50.00 in credit card debt, originating from Credit One Bank. [Id.] He also appears to have challenged the debt and attached two letters, one from Midland's counsel and one from the original

creditor, Credit One Bank, that indicate that both entities accepted his challenge that the lien was a result of fraud and relieved him of any obligation to pay. As injury, Fox alleges he was not able to refinance his mortgage at a favorable rate due to the lien, however he offers no factual support for this other than a conclusory statement. [Id. at 5]. He seeks the full value of his entire home as remedy, approximately $290,000. [Id.] The complaint contains no indication, even slight, of a legal cause of action, and no basis for the Court to conclude that he is stating a claim where the relief he seeks could be granted. At a scheduling conference on August 5, 2024, the Court had previously warned Mr. Fox that it had concerns that his claim was unclear. At a motion hearing on December 19, 2024, Mr. Fox asserted orally that his claim arises under the Fourth Amendment but did not provide any legal support or further factual information.

**II.      Legal Standards**

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating whether a complaint states a claim upon which relief may be granted, the Court considers only "well-pleaded" factual allegations.  In other words, allegations that consist merely of "labels and conclusions" are not credited.  Twombly, 550 U.S. at 555.  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557).  Instead, the well-pleaded facts, treated as true, must "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.

Here, the complaint does not contain sufficient factual allegations concerning Midland's alleged misconduct, nor any legal allegations as to a cause of action. Fox does not, for example, include any details regarding his efforts to refinance, which is the basis for his claim. Nor does he state whether there is a still a small claims case against him. Additionally, his complaint is completely devoid of even a suggestion of a cause of action.

The Court is mindful of Fox's *pro se* status and acknowledges that the Court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Indeed, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 107 (1976)). That said, *pro se* litigants "still must comply with procedural and substantive law" and "[d]ismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim." Harihar v. U.S. Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted).

As the First Circuit has noted:

> It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . . "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera–Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988) (citationomitted)).

**III.   Conclusion**

In the absence of more specific factual allegations concerning Midland's alleged misconduct and Plaintiff's injury, as well as a complete lack of a legal cause of action, Fox's

complaint fails to state a claim upon which relief may be granted. Accordingly, this case is **dismissed without prejudice**.

**So Ordered.**

                                                                   /s/ Margaret R. Guzman
                                                                   MARGARET R. GUZMAN
                                                                   UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2024